# Eckhart Carriage Company, Appellant, v. E. B. Eden, Appellee.

SALES—*when recovery of purchase price proper.* If an article purchased is retained an action for the recovery of the purchase price lies unless the article is absolutely worthless. If it is not, but the article is not up to contract, then the measure of damages is the difference between the contract price and the value of the article at the time of the purchase.

Action commenced before justice of the peace. Appeal from the Circuit Court of Moultrie county; the HON. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed October 14, 1911.

E. J. MILLER, for appellant.

JOHN E. JENNINGS, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellant on a promissory note given to it by appellee for the contract price of a park surrey. Suit was commenced before a justice of the peace; an appeal to the circuit court resulted in a judgment in favor of appellee against appellant for costs; it prosecutes this appeal.

Appellee was in the livery business at Sullivan, Illinois; one Berkman was representative and sales agent of appellant at Sullivan; appellee purchased from him a light park surrey for use in the livery business, and gave in consideration therefor his promissory note for $88. The vehicle when purchased was not equipped with rubber tires, but after its purchase appellee put rubber tires on the vehicle and began to use it in his livery business. The evidence discloses that the second time the vehicle was in use one of its wheels was broken to such an extent that a new wheel was necessary. Appellee reported the accident to Mr. Barkman and the matter was taken up by correspondence with appellant. Appellee insists that the vehicle was warranted to him to be first class, in material and workmanship, in every respect, and that the vehicle was not made of first class material and was not constructed in first class workmanship, that the vehicle was not fit for the use in the livery business for which it was sold to him. After some delay pending negotiations regarding this defective wheel, appellant offered to and did ship to Sullivan a new wheel to take the place of the broken one, and requested appellee to permit it to take the rubber tire from the broken wheel so that it might be placed on the new wheel. Appellee refused to permit the vehicle to be taken from his barn where it then was.

and declined then to accept the new wheel as a fulfilment of the warranty, demanding that appellant return to appellee his note and come to his barn and get the vehicle, insisting there was a total failure of the consideration for the note; and this was his defense upon the trial. Appellant insists Barkman's authority to warrant the vehicle was limited to a printed warranty published in its catalogue, and Barkman testified that he showed this warranty to appellee and informed him he had no authority to otherwise warrant the vehicle, but appellee denies this.

Barkman, as representative of appellant, was a general sales agent for it and unless his power of warranty was restricted and notice thereof given to appellee, then whatever warranty Barkman made, if any, concerning the vehicle, appellant was bound by; and it was a question of fact for the jury to determine whether Barkman had warranted the vehicle and if so, to what extent, upon proper submission of the case to the jury upon the evidence under proper instructions.

Conceding that appellee purchased the vehicle upon the warranty as claimed by him, if there was a failure of the warranty and he desired for that reason to avoid the sale it then became his duty to return the vehicle to appellant upon the discovery of the breach of warranty, but instead of so doing the record discloses that after purchasing the vehicle he put rubber tires on it, and because the rubber tires were on the vehicle appellee refused to permit appellant to repair the damage and insisted on retaining possession of the vehicle at his barn until appellant returned the note for the reason that the rubber tires were his property. If there was a breach of warranty and appellee desired to rescind the sale by reason thereof it became and was his duty to remove the tires placed thereon by him and to return the vehicle to appellant; the law will not permit him to retain the object of the purchase and

defeat the recovery of the consideration price, except upon the showing that the vehicle was absolutely worthless, and there is no contention on his part that such was the fact. Having retained the vehicle in his possession and refused to permit appellant to make the necessary repairs, the measure of the damages in an action to recover the purchase price, if there was a breach of warranty as contended by appellee, is the difference between the contract price for the vehicle and the value of the vehicle in the condition it was at the time of the purchase.

Complaint is made by appellant of the instructions given to the jury, insisting that the jury was not properly instructed upon the measure of damages or upon the law regarding the rights of the parties in this controversy. We have examined the instructions given both on behalf of plaintiff and defendant, and from such examination we find the instructions in such hopeless conflict, both upon the question of warranty and upon the measure of damages, that the jury had no guide by which it could correctly determine the rights of the parties in this action. Those given upon behalf of appellee are so contradictory to those given on behalf of appellant that they could not be reconciled.

By the eleventh instruction given on behalf of defendant the jury was told by the court that there was no warranty shown by the evidence except that contained in the book offered as exhibit "B" on behalf of plaintiff, yet throughout the instructions given on behalf of the defendant the jury were instructed that if a warranty was made by plaintiff other than contained in exhibit "B," and there was a breach of such warranty, then plaintiff could not recover. Instructions upon this question are so numerous that it is unnecessary to refer to each separate instruction. The jury was also instructed that if there was a breach of warranty plaintiff could not recover, without any refer-

ence to whether appellee retained the vehicle.

The judgment below is reversed and the cause remanded.

*Reversed and remanded.*